UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| DEBBIE JERNIGAN, individually as surviving spouse and on behalf of the wrongful death beneficiaries of TERRY RAY JERNIGAN,<br><br>Plaintiff,<br><br>v.<br><br>RSS/MANCHESTER OPERATIONS, LLC d/b/a MCARTHUR MANOR ASSISTED LIVING,<br><br>Defendant. | 4:22-CV-00053-DCLC-CHS |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Debbie Jernigan ("Plaintiff"), individually as the surviving spouse of Terry Ray Jernigan ("Mr. Jernigan") and on behalf of Mr. Jernigan's beneficiaries, brought this wrongful death action against Defendant RSS/Manchester Operations, LLC d/b/a McArthur Manor Assisted Living ("McArthur Manor"). This matter is before the Court on McArthur Manor's Motion to Compel Arbitration [Doc. 8]. The motion is fully briefed and ripe for review. For the reasons stated herein, McArthur Manor's motion [Doc. 8] is **GRANTED IN PART** and **DENIED IN PART**.

**I.    BACKGROUND**

Mr. Jernigan resided at McArthur Manor's assisted living facility ("the Community") from approximately August 11, 2021 until March 1, 2022 [Doc. 1, ¶ 8]. During the admissions process, Mr. Jernigan executed two documents relevant to the instant action. On August 10, 2021, he signed a Revocable Arbitration Agreement ("Arbitration Agreement" or "Agreement") as part of the

1

Resident and Care Agreement [Doc. 8-1], and on August 11, 2021, he signed a Durable Power of Attorney naming Plaintiff his attorney-in-fact [Doc. 8-2]. Plaintiff also signed the Arbitration Agreement, both in her individual capacity and representative capacity [Doc. 8-1, pg. 7]. The Agreement provides:

> Any and all claims or controversies arising out of or in any way relating to this Arbitration Agreement, the Resident and Care Agreement, and/or any of the resident's stay(s) at The Community, including disputes regarding the making, execution, validity, enforceability, voidability, unconscionability, severability, scope, arbitrability, interpretation, waiver, duress, preemption or any other defense to enforceability of this Arbitration Agreement, whether arising out of State or Federal law, whether existing or arising in the future, whether for statutory, compensatory or punitive damages and whether sounding in breach of contract, tort or breach of statutory duties (including, without limitation, any claim based on resident's rights or a claim for unpaid Community charges), irrespective of the basis for the duty or the legal theories upon which the claim is asserted, shall be submitted to binding arbitration.

[*Id*. at pg. 2].

On October 21, 2022, Plaintiff filed the instant action alleging that, as a result of McArthur Manor's acts or omissions, Mr. Jernigan sustained various injuries, including death, during his stay at the Community. She alleges causes of action for negligence under the Tennessee Healthcare Liability Act, Tenn. Code Ann. § 29-26-101, *et seq*., and gross negligence, willful, wanton, reckless, malicious and/or intentional misconduct [Doc. 1]. Pursuant to the terms of the Arbitration Agreement and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq*., McArthur Manor now moves the Court to compel arbitration of Plaintiff's claims and dismiss the action [Doc. 8].

II.     **LEGAL STANDARD**

"The FAA reflects the fundamental principle that arbitration is a matter of contract." *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010). To that end, the FAA provides that arbitration provisions in commercial contracts "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. This statutory

provision "places arbitration agreements on an equal footing with other contracts and requires courts to enforce them according to their terms[.]" *Jackson*, 561 U.S. at 67 (citations omitted).

Thus, if a party to a contract fails to arbitrate a dispute covered by a valid arbitration agreement, the aggrieved party may petition "for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. If the Court determines that "the making of the agreement for arbitration or the failure to comply therewith is not in issue," the FAA mandates entry of "an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id*.; *see Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (holding that the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.").

### III. DISCUSSION

McArthur Manor asserts that the parties entered into a valid arbitration agreement, under which they agreed to arbitrate the types of claims asserted in this action along with any disputes regarding the validity or enforceability of the Arbitration Agreement itself [Doc. 8, pgs. 3–6]. Thus, McArthur Manor contends that Plaintiff should be compelled to arbitrate the claims at issue and the action before this Court should be dismissed [*Id*. at pg. 7]. Plaintiff asserts the arbitration agreement is unenforceable against her and Mr. Jernigan's other wrongful death beneficiaries, it is also unenforceable as it is unconscionable, and she would be prejudiced by an "empty chair defense" if the Court were to compel arbitration [Doc. 8, pgs. 5–18]. Plaintiff opposes the assertion that threshold issues of arbitrability should be delegated to an arbitrator [*Id*. at pgs. 18, 19].

#### A. Arbitrability and the "Delegation Provision"

"A challenge to arbitration agreement formation is always in the jurisdiction of the courts." *Becker v. Delek US Energy, Inc.*, 39 F.4th 351, 355 (6th Cir. 2022) (citing *Granite Rock Co. v.*

3

*Int'l Board of Teamsters*, 561 U.S. 287, 299-300 (2010)). But a challenge to the enforceability of an arbitration agreement may be "trifurcated into whether that challenge is to an arbitration agreement or a delegation provision within the agreement, or both." *Id*. "Parties may delegate threshold arbitrability questions to the arbitrator, so long as the parties' agreement does so by 'clear and unmistakable' evidence." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 530 (2019) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).

"[A] valid delegation provision removes judicial purview and transfers the question of arbitrability to an arbitrator." *Becker*, 39 F.4th at 355. But if a party challenges the validity of the delegation clause, then "the court, rather than the arbitrator, must address those challenges." *Id.* (citing *Rent-A-Center*, 561 U.S. at 71). A challenge to a delegation provision must be specific—general challenges to the enforceability of an arbitration agreement as a whole are insufficient to overcome a valid delegation provision. *Id.* If a party only "makes an unspecific challenge to a delegation provision, the question of the agreement's validity is reserved for the arbitrator, not the court." *Id*. at 356 (citing *Rent-A-Center*, 561 U.S. at 72).

The Court first addresses whether the Arbitration Agreement delegates threshold questions of arbitrability. "[I]ncorporation of the AAA Rules (or similarly worded arbitral rules) provides 'clear and unmistakable' evidence that the parties agreed to arbitrate 'arbitrability.'" *Blanton v. Domino's Pizza Franchising, LLC*, 962 F.3d 842, 845 n.1 (6th Cir. 2020), *cert. denied sub nom. Piersing v. Domino's Pizza Franchising LLC*, 141 S. Ct. 1268 (2021). Here, the Agreement provides that "[a]ny and all claims or controversies arising out of or in any way relating to this Arbitration Agreement, . . . including disputes regarding the making, execution, validity, enforceability, voidability, unconscionability, severability, scope, arbitrability, interpretation, waiver, duress, preemption or any other defense to enforceability of this Arbitration Agreement, . . . shall be submitted to binding arbitration" [Doc. 8-1, pg. 2]. The Agreement further provides

4

that "[t]he Arbitrator is empowered to, and shall, resolve all disputes, including without limitation, any disputes regarding the making, execution, validity, enforceability, voidability, unconscionability, severability, scope, arbitrability, interpretation, waiver, duress, preemption or any other defense to enforceability of this Arbitration Agreement" and that "it is the parties' intent to completely avoid involving the court system" [*Id*. at pg. 3]. Based on the foregoing, there is clear and unmistakable evidence that the parties agreed to arbitrate threshold issues of arbitrability.

Although Plaintiff advances arguments attacking the enforceability of the Arbitration Agreement as a whole, she does not challenge the delegation provision specifically. Plaintiff acknowledges that she signed the Agreement in her individual capacity and argues only that the Agreement is unenforceable against her for want of consideration, is unenforceable against Mr. Jernigan's wrongful death beneficiaries, and is unconscionable. Due to the valid delegation provision, however, those threshold enforceability and unconscionability disputes must be resolved by the arbitrator.

### B. Prejudice to Plaintiff

Plaintiff asserts, despite the foregoing, that the risk of an "empty chair defense" should compel denial of McArthur Manor's motion [Doc. 18, pg. 18]. Specifically, she argues that if McArthur Manor were to allege comparative fault against unidentified third parties, she would be substantially prejudiced because those third parties would presumably not be bound by the Arbitration Agreement [*Id*.]. The Agreement, however, includes a provision binding "[t]he Community, its parent, partners, shareholders, representatives, directors, medical directors, employees, managers, successors, assigns, agents, attorneys and insurers and any entity or person that provided any services, supplies or equipment related to the resident's stay at The Community" [Doc. 8-1, pg. 1]. Thus, anyone against whom McArthur Manor would have a comparative fault allegation against is also seemingly bound by the Agreement. Whether any such third party is

5

actually bound, however, is another threshold dispute to be resolved by the arbitrator. Accordingly, McArthur Manor's motion is **GRANTED** to the extent it seeks to compel arbitration of the disputes at issue in this matter, including the threshold issues relating to arbitrability.

      **C.**      **Stay or Dismissal**

Considering the parties' disputes must be resolved through arbitration, the Court must next determine whether a stay pending arbitration or dismissal of the action is appropriate. The FAA provides that when a court compels arbitration "the court…shall…stay the trial of the action until such arbitration has been had…." 9 U.S.C. § 3. McArthur Manor contends that there is no need for the Court to stay the action because the parties have agreed to resolve all potential disputes through arbitration [Doc. 8, pg. 6]. Indeed, this Court has acknowledged that when "all claims in a cause of action are to be submitted to arbitration, it may dismiss, rather than stay the action because staying the action will serve no purpose." *SL Tennessee, LLC v. Ochiai Georgia*, LLC, 2012 WL 381338, at *3 (E.D. Tenn. February 6, 2012) (internal quotations omitted). However, because the parties have left threshold issues for the arbitrator to decide, arbitration may not resolve all of Plaintiff's claims. Where it is not clear that arbitration will resolve all claims, a stay rather than a dismissal is the better course. *See Anderson v. Charter Commc'ns, Inc.*, 860 F. App'x 374, 380 (6th Cir. 2021) (finding district court abused its discretion in dismissing the case rather than staying it after ordering the parties to arbitration where arbitration might not resolve all issues). Accordingly, McArthur Manor's motion is **DENIED** to the extent it seeks dismissal of this action.

**IV.**      **CONCLUSION**

For the reasons stated above, McArthur Manor's Motion to Compel Arbitration [Doc. 8] is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is **COMPELLED** to submit all claims and disputes arising from or relating to Mr. Jernigan's residency at McArthur Manor's assisted living facility to arbitration consistent with the parties' agreement. This matter shall be **STAYED**

pending arbitration. The parties shall file an initial status report **within 90 days** of the entry of this order and **every 90 days thereafter** and **within 7 days** of the decision of the arbitrator regarding the arbitrability of Plaintiff's claims.

**SO ORDERED:**

s/ Clifton L. Corker<br>
United States District Judge